**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHAEL MORGAN,

      Petitioner,

-vs-                                      Case No.  8:04-CV-446-T-30MAP

JAMES V. CROSBY, JR.,

      Respondent.

_____/

## ORDER

    This matter comes before the Court for consideration of Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1), Respondents' response thereto (Dkt. 6), and Petitioner's reply to the response (Dkt. 7).  The matter is now before the Court for consideration on the merits of the petition. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2006).

    Petitioner is challenging his 1998 conviction for armed burglary, attempted first degree murder, and sexual battery entered by the Sixth Judicial Circuit Court, Pinellas County, Florida. A detailed recitation of the procedural history of this case is not necessary because there are only a few operative facts that control the Court's decision in the case.

### Standard of Review

    State prisoners whose petitions were filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are subject to the provisions thereof.  As amended, § 2244(d)(1) provides that state prisoners have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the

conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

### Discussion

Petitioner's judgment of conviction was entered on September 17, 1998. He was sentenced to serve a term of life in prison. Petitioner's convictions and sentences were affirmed on direct appeal on June 25, 1999. *See Morgan v. State,* 737 So.2d 1091 (Fla. 2d DCA 1999) (table decision). Petitioner's limitation period commenced to run on September 23, 1999, when the 90-day window during which he could have petitioned the United States Supreme Court for a writ of *certiorari* expired. *See* Sup. Court. R. 13; *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until Monday, September 23, 2000, to file a timely petition for federal habeas relief. Petitioner delayed filing an application for state post-conviction relief pursuant to Fla. R. Criminal. P. 3.850 until March 27, 2001, 185 days after the limitations period expired. The Rule 3.850 motion had no tolling effect because the limitation period cannot be reinitiated once it expires. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). The state appellate court

affirmed the trial court's decision denying Petitioner's Rule 3.850 motion *per curiam* on March 7, 2003, with the mandate issuing on April 3, 2003. *See Morgan v. State*, 840 So.2d 239 (Fla. 2d DCA 2003). Petitioner filed his § 2254 petition on March 7, 2004.[1]

Petitioner does not assert that a state created impediment prevented him from filing a timely § 2254 petition, and he does not advance a claim based on a right newly recognized by the United States Supreme Court and retroactive in application. *See* 28 U.S.C. § 2244(d)(1)(B) & (C). Petitioner argues, however, that the Court should entertain his petition on the merits under § 2244(d)(1)(D) because he could not have discovered the factual predicate of his federal claim prior to the expiration of the limitation period.

Petitioner argues, as he did in his Rule 3.850 motion, that he has newly discovered evidence of innocence which warrants finding that he is entitled to federal habeas relief, to wit, the affidavit of co-defendant Gerald Wright executed on July 29, 2000 (Dkt. 7, Attach. (unnumbered)).  According to the statements in Mr. Wright's affidavit, Petitioner was not present when the offense of conviction occurred. Petitioner acknowledges, however, that Mr. Wright recanted the statements made in his affidavit on August 23, 2000, informing the Court that Mr. Wright "had a change of heart because he had available legal remedies to pursue and he did not want to help the Petitioner at his own expense"[2] (Dkt. 4).

Petitioner further contends that he has other evidence that was not presented at trial that would demonstrate that he did not commit the crimes for which he stands convicted

---

[1]  Although the petition was not received in the Clerk's office for filing until March 11, 2004, because the Petitioner executed it on March 7, 2004, the Court will deem it filed as of that date under the mailbox rule.

[2]According to a statement Mr. Wright made to Detective R. Noodwang during a telephone conversation on August 15, 2000, he decided to recant his statements because Petitioner's mother failed to deliver the $1,000. 00 payment she promised Mr. Wright in exchange for his testimony that Petitioner did not participate in the robbery (Dkt. 6, Ex. 7 at 9).

(Dkt. 4 at 2).   According to Petitioner, testimony by Paul Anthony Hill, Laura Graham, William Waller, Dr. J. Cedric Thornton, M.D., and Officer Leticia Harrison, St. Petersburg Police Department, will establish his innocence of the charged offense.

Specifically, Petitioner states that Paul Anthony Hill would testify regarding statements made to him by a female drug dealer who was robbed a week before the charged offenses occurred. *Id.* at 3-4. Laura Graham, Mr. Wright's former girlfriend, would testify that Mr. Wright "robs and steals from everybody, . . . mostly robs crack dealers . . . and . . . [a] person who has been by her house for Gerald Wright was a guy named Sherredell Jones." *Id.* at 4.  Mr. William Waller, the owner of the property where Petitioner was hiding the day he was arrested, would testify he was asked by Petitioner "to call his mother because people with guns were chasing him," and Petitioner surrendered himself to the police when they responded to Mr. Waller's telephone call. *Id.* Dr. J. Cedric Thornton, M.D., would testify that he treated Petitioner for a problem he was experiencing with facial hair approximately one year before the robbery occurred. According to Petitioner, Dr. Thornton would further testify that Petitioner wore a beard and facial hair for at least one full calendar year prior to the crime and was still wearing a beard when he was arrested. Petitioner postulates that this testimony would be "critical" to the "identification of the second culprit in this case because the victim described the perpetrators as both being cleaned [sic] shaved." *Id.* at 4-5. Finally, Petitioner asserts St. Petersburg Police Officer Leticia Harrison would testify that on the day Petitioner was arrested, she received a dispatch in reference to a man with a gun, and upon arriving at the scene she learned that Petitioner was being chased by the victim's family and friends. Officer Harrison would further testify that when Petitioner surrendered to her, he appeared "scared." *Id.* at 5-6.

Petitioner does not assert that this information was not available when he went to trial, much less that it could not have been discovered through the exercise of due diligence before the limitations period expired, and the Court finds nothing in the record that would support such an inference. Pursuant to § 2244(d)(1)(D), the one-year statute of limitations can run from "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." The Court concludes, therefore, that Petitioner has not demonstrated that he is entitled to proceed on his untimely petition under § 2244(d)(1)(D).

The petition is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation period unless Petitioner demonstrates that he is entitled to equitable tolling.  Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)).

"The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Having reviewed the petition and documents attached thereto, the Court finds that Petitioner has failed to allege, much less establish, that extraordinary circumstances that were both beyond his control and unavoidable with diligence prevented him from presenting his claim before the limitation period expired, which are essential elements for the imposition of equitable tolling. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitation period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the *Schlup* court held:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Schlup v. Delo*, 513 U.S. at 324. Petitioner must establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In

other words, this exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir.1995) (denying certificate of probable cause) (footnote omitted).

This Court concludes that Petitioner has failed to satisfy the threshold requirement that he come forward with "new" *reliable evidence of <u>factual</u> innocence*, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claim. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Petitioner has not made out a colorable claim of actual innocence.

In summary, Petitioner's petition is barred under the one-year limitations period applicable to requests for federal habeas relief under § 2254, and he has failed to demonstrate any basis for the Court to disregard the procedural bar to a consideration of the merits of his claim.  In the absence of such a showing, a federal habeas court would be remiss in discussing the merits of a claim.

## Conclusion

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1.      The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending

motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copy furnished to:
All Parties/Counsel of Record